NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2657
_____

BALDERV SINGH,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA No. A 200-941-920)
Immigration Judge:  Steven A. Morley
_____

Submitted under Third Circuit LAR 34.1(a)
March 4, 2016

BEFORE:  JORDAN, GREENBERG, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: March 10, 2016)
_____

OPINION*
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

This matter comes on before this Court on a petition for review of a decision and order of the Board of Immigration Appeals (BIA) entered on June 10, 2015, dismissing an appeal from a decision of an immigration judge (IJ) denying the petitioner's applications for asylum and withholding of removal under the Immigration and Nationality Act and his application for protection under the Convention Against Torture. The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15 and we have jurisdiction under 8 U.S.C. § 1252. Venue is proper in this Court because the proceedings before the IJ were concluded within this Circuit. 8 U.S.C. § 1252(b)(2). After our review of this matter, we determine that the petition for review has no merit and therefore we will deny the petition.

The IJ set forth the history of this matter in his decision of February 10, 2014, and therefore we do not repeat it at length. The petitioner, Balderv Singh, a citizen of India, bases his asylum claim on his assertion that while in India he engaged in the affairs of the India National Lok Dal (INLD) political party and that by reason of these activities members of the Congress Party persecuted him by assaulting and injuring him. He also contends that he fears that he will be subject to future persecution by the Congress Party members if he returns to India. After careful consideration of the matter, the IJ concluded that Singh did not provide credible evidence in support of his claim. Moreover, the IJ held that even if he viewed Singh as a credible witness, the circumstance that he was injured in the assault he described did not amount to persecution. In reaching his conclusions, the IJ made commendably specific and detailed

2

findings. Overall it was clear to the IJ that Singh was not entitled to relief on any basis. On the appeal, the BIA had no difficulty with the case and affirmed the decision of the IJ.

In these proceedings, we review the decisions of both the BIA and the IJ as the BIA substantially relied on the IJ's decision in reaching its result. See Camara v. Att'y Gen., 580 F.3d 196, 201 (3d Cir. 2009); Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). In making our review, we use the familiar substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Myat Thu v. Att'y Gen., 510 F.3d 405, 412 (3d Cir. 2007). Under this standard we treat the findings under review as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We find no merit in the petition for review. In order to qualify for asylum an alien must establish that he is a refugee, which means that he is unwilling to return to his native country because of past persecution or a well-founded fear of future persecution on account of race, religion, or political opinion if he returns. 8 U.S.C. § 1101(a)(42); Fatin v. INS, 12 F.3d 1233, 1238 (3d Cir. 1993). But in India, Singh merely was a low-level political worker. Though there may have been disturbances among individuals involved with the political parties in India, still the people involved in those disturbances, at least the ones involved here, were not engaged in political persecution. In fact, when we examine this case it seems obvious that Singh is simply an unmarried young man who sees an opportunity for what he believes will be a better life in this country than was available to him in India. But that circumstance, even if true, does not qualify him for asylum as a refugee or entitle him to withholding of removal. See Shardar v. Ashcroft,

3

382 F.3d 318, 324 (3d Cir. 2004). Finally, we see no support for Singh's claim that he is entitled to protection under the Convention Against Torture. See Kamara v. Att'y Gen., 420 F.3d 202, 212-13 (3d Cir. 2005).

The petition for review will be denied.